# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TIC SEVEN BAR 12, LLC
a Delaware Limited Liability Company,

      Plaintiff,

v.                                       No. CIV 17-0450 RB/SCY

CORE SEVEN BAR H, LLC, a Delaware
Limited Liability Company, CORE SEVEN
BAR S, LLC, a Delaware Limited Liability
Company, and CORE REALTY HOLDINGS
MANAGEMENT, INC., a California Company,

      Defendants.

## ORDER REMANDING FOR CLARIFICATION OF ARBITRATION AWARD

This matter is before the Court on TIC Seven Bar 12, LLC's Motion to Confirm and Enter Judgment on Arbitration Award and Memorandum in Support, filed on April 12, 2017. (Doc. 1.) Jurisdiction arises under 28 U.S.C. § 1332 and 9 U.S.C. § 9.[1] The Court held a hearing on the Motion on August 1, 2017. (*See* Doc. 16.) Having considered the submissions and arguments of counsel and relevant law, the Court will deny Plaintiff's Motion in part, remand for clarification of the Arbitration Award, and defer its decision on the remainder of the Motion pending such clarification.

---

[1] The Federal Arbitration Act "requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (citations, quotation marks, and brackets omitted). The parties here do not dispute that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*See* Docs. 1 ¶ 14; 10.) Core Seven Bar H is a Delaware limited liability company, Core Seven Bar S is a Delaware limited liability company, and Core Realty Holdings Management, Inc. is a California company. (Doc. 1 ¶¶ 11–13.) While TIC Seven Bar 12, LLC is also a Delaware limited liability company, its sole member is Volt Properties Tulsa, LLC, an Oklahoma limited liability company. (*Id.* ¶ 10.) Because "the citizenship of any non-corporate artificial entity is determined by considering all of the entity's members[,]" *Siloam Springs Hotel L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015) (quotation omitted), the Court finds diversity exists between Plaintiff and Defendants.

## I.      Background

This case arises from a dispute about the rights and obligations of tenants-in-common to certain real property. TIC Seven Bar 12, LLC (TIC 12 or Plaintiff) and Core Seven Bar H, LLC (Core H), Core Seven Bar S, LLC (Core S), and Core Realty Holdings Management, Inc. (CRHMI)[2] (collectively, CORE or Defendants) were parties to a tenants-in-common agreement (the TIC Agreement). (*See* Docs. 1 ¶ 18; 1-A ¶ 4; 1-A-1 (TIC Agreement).) TIC 12 purchased a 1.85% interest in the property. (Doc. 1-A-1, at 31 ¶ 2 (TIC 12's Arbitration Demand).) "The TIC agreement was one of several operative documents that governed the rights and obligations of the tenants-in-common . . . with respect to the" Vistas at Seven Bar Ranch apartments in Albuquerque, New Mexico (the Property). (Docs. 1-A ¶ 6; 10 ¶ 10.) Among the objectives of the parties to the TIC Agreement was to prepare the property for sale within ten years. (Doc. 1-A-3, at 2–3 (Defendants' Answer, Defenses and Counterclaim).)

"TIC 12 was originally purchased by Harold and Georgia Hartmann (the 'Hartmanns') in 2005." (Doc. 1-A ¶ 7.) In October 2015, Volt Properties Tulsa, LLC (Volt) "entered into a Purchase and Sale Agreement ('PSA') with the Hartmanns for the option to purchase 100 percent of the Hartmanns' membership interest in TIC 12." (*Id.* ¶ 8; *see also* Doc. 1 ¶ 10.) Defendants assert that the Hartmanns' right to sell their interest was conditional and subject to one of the TIC-related agreements. (Doc. 1-A-3, at 62.) Defendants refused to recognize the sale to Volt and ignored communications from Volt regarding the property. (Doc. 1-A ¶¶ 9–10; Doc. 1-A-3, at 62–65.)

---

[2] Defendants dispute that CRHMI was a party to the tenants-in-common agreement. (Doc. 10 at 2–3.) Defendants assert that "CRHMI served as property and asset manager to the property pursuant to the Property and Asset Management Agreement." (*Id.* at 3.) Regardless, the Arbitrator "issued his Final Award against all three CORE entities, including CRHMI." (Doc. 11 ¶ 3 (citing Doc. 1-A-6 at 174 ("Respondents Core Seven Bar H, LLC, Core Seven Bar S, LLC, and Core Realty Holdings Management, Inc. (collectively, "Respondents"), shall pay to Claimant TIC Seven Bar 12, LLC ("Claimant") the amount of $804,750.00.").).) For purposes of this Order, the Court treats all three CORE entities together, as did the Arbitrator.

Prior to and during the weeks surrounding the Hartmanns' sale to Volt, Defendants communicated with all of the parties to the TIC Agreement (including the Hartmanns) about the upcoming ten-year deadline and loan maturation. (Doc. 1-A-3, at 62–66.) Eventually, Defendants presented the parties with a ballot that had three options: sale of the property, refinance of the property, or a buyout option that evidenced the party's intent to refinance the property with a sale of that party's interest to a third party "for no less than 69% of the original investment." (*Id.* at 63.) Defendants later presented the parties with another ballot that reduced the purchase price to $103,333.00 per 1% share, or 62% of the original investment. (*Id.* at 63–64.) Defendants assert that because the Hartmanns, on behalf of TIC 12, did not return the ballot on time, and because Defendants did not recognize Volt's authority to direct the actions of TIC 12,[3] Defendants deemed TIC 12 a "Dissenting TIC" under the TIC Agreement and exercised their contractual option to purchase TIC 12's interest in the property. (*Id.* at 64.) At 62% of the original purchase price, this amounted to $191,166.00 for the Hartmanns' 1.85% interest. (*Id.*) Defendants notified the Hartmanns and Volt "that the proceeds from the attempted sale of TIC 12 [to Defendants' affiliate, Ramsey Charles II, LLC (RCII),] were being held in escrow . . . to be disbursed upon receipt of instructions as to whom the funds should be sent." (Doc. 1-A ¶ 12.) The Hartmanns and Volt "challenged CORE's application of the 'Dissenting TIC' provision and opposed any sale of TIC 12 or its interest." (*Id.* ¶ 13.)

Pursuant to the TIC Agreement, Plaintiff filed an Arbitration Demand with the American Arbitration Association based on CORE's alleged breaches of the TIC Agreement and related claims on February 22, 2016. (*Id.* ¶¶ 15–16; *see also* Doc. 1-A-2 (Arbitration Demand).) CORE filed an Answer, Defenses and Counterclaim on March 18, 2016. (Doc. 1-A ¶ 19; *see also* Doc.

---

[3] Defendants assert that they "never received documents which would establish that TIC 12's ownership had been lawfully transferred pursuant to the requirements under the" relevant documents. (Doc. 1-A-3, at 65.)

1-A-3.) The Arbitrator issued the Final Award on January 23, 2017. (*See* Doc. 1-A-6 (Final Award).) The Arbitrator ordered CORE, jointly and severally, to pay Plaintiff $804,750.00. (*Id.* ¶ A.) The Final Award provided that "[t]he unpaid balance of this amount shall bear simple interest at the statutory rate of 8.75% from the date of this Final Award . . . until it is paid in full." (*Id.* (citing NMSA 1978 § 56-8-4(A) (1993)).) The Arbitrator did not provide a time schedule or deadline for the amount to be paid in full. (*See id.*) The Arbitrator also ordered that the funds being held in escrow from the forced sale of TIC 12 to RCII be returned to RCII. (*Id.* ¶ H.) TIC 12 disclaimed its interest in the funds held in escrow on February 13, 2017. (Docs. 1-A-7 at 177; 1-A-8.)

> CORE has made the following post-award payments to TIC 12:
>
> March 7, 2017: $50,000.00 principal and $8,488.48 interest
>
> March 29, 2017: $3,980.53 interest
>
> April 28, 2017: $5,428.00 interest
>
> May 25, 2017: $5,066.13 interest

(*See* Doc. 10 ¶¶ 11–12.) The remaining balance of the award is $754,750.00. (*Id.* ¶ 12.) Plaintiff now seeks confirmation of the Final Award, as well as costs and attorneys' fees incurred with respect to this Motion. (Doc. 1 at 11–14.)

## II.     Discussion

### A.     The Court will remand the Arbitration Award for clarification.

"The FAA provides that within one year of the arbitration award, a party may apply to the specified court 'for an order confirming the award,' and the court 'must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *Himark Biogas, Inc. v. W. Plains Energy LLC*, No. 14-1070-SAC, 2016 WL 1312756, at

*2 (D. Kan. Apr. 4, 2016) (quoting 9 U.S.C. § 9). "The court affords the arbitrator's decision

'[m]aximum deference,' applying a standard of review that 'is among the narrowest known to

law.'" *Fisher v. Wells Fargo Advisors, LLC*, No. 12-1413-CM, 2012 WL 6607025, at *2 (D.

Kan. Dec. 18, 2012) (quoting *Durkin v. CIGNA Prop. & Cas. Corp.*, 986 F. Supp. 1356, 1358

(D. Kan. 1997) (internal quotation marks and citation omitted); citing *Bowen v. Amoco Pipeline

Co.*, 254 F.3d 925, 932 (10th Cir. 2001)).

While Plaintiff avers that "[t]here is no statutory ground to vacate, modify, or correct the

Arbitrator's Final Arbitration Award" (Doc. 1 at 12), the parties disagree about one main aspect

of the Arbitrator's award: who owns the 1.85% interest in the property. (*See* Docs. 10 at 3; 11 at

3–4; *see also* Oral Arg. Tr.[4] at 8:23–10:10, 11:21–12:20.) The Arbitrator ordered Defendants to

pay $804,750.00—a figure that represents more than the original value of the Hartmanns'

investment—to TIC 12, and he ordered TIC 12 to return the funds kept in escrow to RCII. (Doc.

1-A-6 ¶¶ A, H.) The Arbitrator did not, however, clarify who retains ownership of the 1.85%

interest. (*See* Doc. 1-A-6.)

"The Tenth Circuit has held that 'remand for clarification is necessary' when 'there is

more than one reasonable interpretation of the arbitration panel's award.'" *Fisher v. Gen. Steel

Domestic Sales, LLC*, No. 10-CV-01509-WYD-BNB, 2011 WL 5240372, at *3 (D. Colo. Oct.

31, 2011) (quoting *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 831 (10th Cir. 2005) ("citing

numerous decisions where other circuits have determined that a district court may remand an

award to the arbitrator for clarification"). "It is not the role of the courts to interpret vague

arbitration awards." *Id.* (quoting *Nukem, Inc.*, 400 F.3d at 834). "There is no fixed deadline for a

---

[4] All citations to the Oral Argument Transcript are to the court reporter's unofficial transcript. Page numbers are subject to change in the official version of the transcript.

motion to remand for purposes of obtaining a clarification of the award." *Nukem, Inc.*, 400 F.3d

at 830, n.2 (citations omitted).

Here, the Court finds "there is more than one reasonable interpretation of the"

Arbitrator's award. *Id.* (citation omitted). It is possible that the Arbitrator intended the

$804,750.00 payment to represent a purchase by Defendants of TIC 12's interest in the property.

It is also possible that the Arbitrator considered the $804,750.00 payment to represent damages,

and TIC 12 remains the legal owner of the 1.85% interest. Because it is not clear who the

Arbitrator intended to retain ownership of the 1.85% interest in the property, the Court will

remand this matter to the Arbitrator for a more definite award.

**B.      The Court will deny Plaintiff's request for attorneys' fees and costs.**

Plaintiff asks the Court to order Defendants to pay Plaintiff's attorneys' fees and costs

incurred as a result of its Motion. Plaintiff asserts that such an award is proper under N.M.S.A. §

44-7A-26(b)–(c) (1978) and under Section 10.3 of the parties' TIC Agreement. (Doc. 1 at 12–

14.)

The parties' agreement provides that "arbitration shall be conducted . . . in accordance

with applicable New Mexico law as modified by this Agreement." (Doc. 1-A-1 at 18.) Section

44-7A-26 provides:

> Upon granting an order confirming, . . . modifying or correcting an [arbitration]
> award, the court shall enter a judgment in conformity therewith. . . . A court may
> allow reasonable costs of the motion and subsequent judicial proceedings. . . . On
> application of a prevailing party to a contested judicial proceeding under Section
> 23, 24 or 25, the court may add reasonable attorney's fees and other reasonable
> expenses of litigation incurred in a judicial proceeding after the award is made to
> a judgment confirming, . . . modifying or correcting an award.

N.M. Stat. Ann. § 44-7A-26(a)–(c) (1978). Because the Court is remanding for clarification,

Plaintiff is not entitled to fees and costs under this section.

Plaintiff also asserts it is entitled to attorneys' fees under the parties' original agreement. (Doc. 1 at 13.) Section 10.3 of the agreement provides:

> If any action or proceeding is instituted between all or any of the Tenants in Common arising from or related to or with this Agreement, the Tenant in Common . . . prevailing in such action or proceeding shall be entitled to recover from the other . . . Tenants in Common all of its . . . costs of action or proceeding, including, without limitation, attorneys' fees and costs as fixed by the court or arbitrator therein.

(TIC Agreement § 10.3.) The Court finds that neither party is the prevailing party here, because the Court is remanding the award for clarification. Accordingly, Plaintiff is not entitled to fees and costs under § 10.3 of the parties' agreement.

## III.    Conclusion

The Court finds the Arbitrator's Award is "incomplete, unclear, and appropriate for remand pursuant to the controlling authority and 9 U.S.C. § 10(a)(4)." *See Fisher*, 2011 WL 5240372, at *4.

**THEREFORE,**

**IT IS ORDERED** that a decision on TIC Seven Bar 12, LLC's Motion to Confirm and Enter Judgment on Arbitration Award and Memorandum in Support (Doc. 1) is **DEFERRED** pending clarification from the Arbitrator;

**IT IS FURTHER ORDERED** that pursuant to 9 U.S.C. § 10(a)(4), this matter is **REMANDED** to the Arbitrator to issue a mutual, final, and definite award with respect to the issue of ownership of the 1.85% interest;

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees and costs is **DENIED**;

**IT IS FURTHER ORDERED** that the Court will defer its decision on the remainder of the Motion pending clarification from the Arbitrator.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**